IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. 1:19 CR 263 |
| Plaintiff, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) |
| JESSIE CANTIE, | ) |
| | ) |
| Defendant. | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant Jessie Cantie, through counsel, respectfully submits the following Sentencing Memorandum for the Court's consideration in anticipation of the sentencing hearing scheduled for January 28, 2020.

I.   Introduction

On May 1, 2019, Jessie Cantie was charged by indictment with one count of possession of a firearm and ammunition after having been previously convicted of crimes punishable by imprisonment for terms exceeding one year. He was arrested on July 24, 2019, and has remained in federal custody since that time. Mr. Cantie was arraigned on July 25, 2019. A detention hearing was held on August 15, 2018 at which time, the Court ordered Mr. Cantie's continued detention. The Court held a hearing on Mr. Cantie's motion to suppress evidence on September 16, 2019. A superseding

indictment was filed on September 26, 2019 charging Mr. Cantie with the same offense. On September 30, 2019, Mr. Cantie entered a plea of guilty to the indictment pursuant to the terms of a written plea agreement.

II.     Sentencing Factors

Title 18 U.S.C. §3553 (a) provides in part that district courts "shall impose a sentence *sufficient, but not greater than necessary,* to comply with the purposes set forth in paragraph (2) of this subsection." (emphasis added). Those purposes are the need for the sentence imposed to: A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; B) afford adequate deterrence to criminal conduct; C) protect the public from further crimes of the defendant; and D) provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner. Title 18 U.S.C. §3553(a)(2).

In determining the particular sentence to be imposed, Section 3553(a), instructs the Court to consider the following factors: 1) the nature and circumstances of the offense conduct and the history and characteristics of the defendant; 2) the need for the sentence imposed in light of the above purposes of federal sentencing; 3) the kinds of sentences available; 4) the advisory sentencing guidelines and applicable sentencing range; 5) the advisory sentencing guideline policy statements; 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense. In summary, the Court is to exercise its sound discretion to impose a reasonable sentence considering the multiple factors in Section 3553(a).

III. Application of the Sentencing Factors to Jessie Cantie

A. The History and Characteristics of the Defendant

Jessie is 39 years old. He is one of five (5) children and was raised by both of his parents until they separated. He had a good relationship with his family, but they lived in a lower income neighborhood where drugs and violence were prevalent and his father was an alcoholic. Jessie's mother worked but the family struggled financially. His mother struggled to provide the children with food and clothing. In the absence of his parents, Jessie began hanging out on the streets around the age of 8 years old.

Jessie was diagnosed with Attention Deficit Hyperactivity Disorder when he was 8 years old for which his mother refused medication. He was also diagnosed with a learning disability due to lead poisoning and, as a result, started receiving social security disability benefits at a very young age. Jessie attempted suicide in the 4th grade, and was diagnosed with depression for which he treated with a psychologist for a short period of time.

Jessie attended school through the 10th grade, but dropped out because he could not keep up with his classes. He has much difficulty reading and writing. He has taken some GED classes, but has been unable to earn his GED. He worked on HVAC systems from 2016-2017 earning $10 per hour. He also periodically worked in the construction industry with his father since age 12 and in the restaurant business in his twenties.

Jessie has 17 children and has a good relationship with all of them except his two oldest sons who are twins and were raised by another man. He cares for them and

3

financially provides for them to the best of his ability. He gave any extra money that he earned to his children. He regrets that his conduct in this case will prevent him from contributing to their support and care while he is in custody.

Jessie began drinking alcohol at age 11 and his use has increased as he has aged. He drank daily until 2008 when he was diagnosed with diabetes. He started drinking again in 2018 after two people, a cousin and friend, whom he was very close to, passed away. He took both of their deaths very hard, but never received counseling. He was drinking sometimes more than one bottle of liquor every day prior to his arrest. Jessie also occasionally used marijuana from age 14 to 15, and began abusing pain medication in 2017. He has never received any substance abuse treatment and at this point in his life, he recognizes that alcohol has negatively affected his judgment and that he would benefit from treatment to assist his reentry to the community and to live a law abiding and productive life.

Jessie was diagnosed with Type I diabetes in 2008. He was taking R Insulin three times per day and Humilin N insulin while in pretrial custody at Northeast Ohio Correctional Center (NEOCC). He had allergic reactions to the N insulin which caused severe headaches, body aches, confusion and constant pain. NEOCC was unable to effectively control his blood sugar level, and he had two significant seizures while at NEOCC which required his emergency transport to the hospital. Since his transfer to Cuyahoga County Jail on November 12, 2019, he has been taking R Insulin three times per day and Lantis insulin, which is more effectively controlling his diabetes without the adverse effects that he suffered from at NEOCC.

4

Jessie has suffered two head injuries, both of which caused comas. The second head injury required his hospitalization for several weeks. He has been shot several times and suffers from leg pain due to his injuries. He was also stabbed in the wrist which required surgery and has resulted in permanent nerve damage.

Jessie has a history of criminal convictions beginning with a juvenile delinquency adjudication at age 17. His convictions are largely drug- and alcohol-related, but also include two convictions for having weapons under disability and one conviction for aggravated robbery when he was 28 years old. His last prior offense occurred at age 33.

Jessie's family is aware of the instant case and remains supportive of him which will help him adjust to supervision upon his release.

    B.    <u>The Nature and Circumstances of the Offense</u>

In 2016 or 2017, Jessie was shot for the third time. In 2018, he began drinking heavily again after the deaths of two people, a cousin and a friend, who were very close to him. In early, 2019 he was living on the streets and was fearful for his safety. He purchased a Glock 22 9mm for $200 for his personal protection. On March 14, 2019, Jessie was in the passenger seat of his girlfriend's parked minivan. His friend was in the driver seat because Jessie had been drinking. Cleveland Police Officers approached and directed Jessie to exit the vehicle. He immediately complied, and officers then located the Glock 22 pistol underneath the front passenger seat. Jessie did not try to hide anything and did not try to flee. He was very cooperative with the officers, and when asked if the pistol belonged to him, Jessie stated "It's mine," and indicated that the driver did not know about it. He was

5

arrested and charged in Cuyahoga County Common Pleas Court with drug trafficking and carrying a concealed weapon, both of which charges were dismissed following his federal indictment.

Jessie has clearly accepted responsibility for his conduct, and he regrets his decision to purchase the firearm. He has learned a serious lesson and has no desire to be involved with firearms again. He also regrets the heartache that he has caused his family. He is distraught to know that his conduct prevents him from being an active father and provider to his children.

### C. The Advisory Sentencing Guidelines and Statutory Penalties

The defense agrees with the advisory sentencing guideline calculations contained in the Presentence Investigation Report. At total offense level 22 and Criminal History Category IV, the advisory sentencing guideline range is 63 to 78 months imprisonment.

### D. The Purposes of Federal Sentencing

The Court is tasked with imposing a sentence sufficient *but not greater than necessary* to serve the purposes of federal sentencing. Those purposes are to reflect the seriousness of the offense, to promote respect for the law, to impose just punishment, to afford adequate deterrence, both general and specific, and to provide the defendant with necessary training, care or treatment in the most effective manner. In determining the sentence, the Court is to also consider the need to avoid unwarranted sentencing disparities.

In this case, a sentence at the low end of the advisory guideline range is sufficient to serve the purposes of federal sentencing. The offense conduct was short-lived and was

induced by Jessie's fear for his safety while living on the streets when his judgment was clouded by alcohol abuse. When he was approached by the police, Jessie fully and immediately cooperated with the arresting officers. He recognizes and regrets his bad judgment in procuring the firearm, and wants to return from prison with skills to cope with his problems and to better his life and the lives of his children. He has been in federal custody for 6 months, 3 of which were at NEOCC where he suffered from repeated complications and side effects due to his uncontrolled diabetes and allergic reactions to the prescribed medication. Under the circumstances in this case, the low end of the advisory guideline range is sufficient to effectuate the purposes of federal sentencing.

IV. CONCLUSION

For the reasons set forth above, Jessie Cantie respectfully requests that the Court impose a sentence at the low end of the advisory range, with credit for time served since July 24, 2019.

Respectfully submitted,

s/ Joan E. Pettinelli
Joan E. Pettinellli (0047171)
Pettinelli Law LLC
PO Box 33909
North Royalton, Ohio 44133
(216) 410-8512
joanepettinelli@wfblaw.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on January 21, 2020. Notice of this filing will be sent to all counsel indicated on the electronic receipt by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A courtesy copy of the foregoing was served electronically upon Probation Officer Christopher Woo.

                                                 s/ Joan E. Pettinelli
                                                 Joan E. Pettinelli, Esq. (0047171)