UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:19 CR 263 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| | ) | |
| JESSIE CANTIE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Emergency Motion for Compassionate Release/Reduction in Sentence, and Supplemental Motion in Further Support of Motion for Compassionate Release, along with several supporting documents. (ECF # 65, 70, 80, 86). The Government filed Responses in Opposition to Defendant's Motions. (ECF #77, 85). No reply was filed.

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." <i>Id.</i> Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R.

542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). It is undisputed that Defendant filed a request with the Warden on June 12, 2020, which was denied. Mr. Cantie also appealed the denial and it has now been more than thirty days since his appeal, without any response from the BOP. Because there has been a lapse of more than thirty days without response from the BOP, the motion is properly before this Court.

In order to justify compassionate release a court must: (1) find that extraordinary and compelling reasons warrant a sentence reduction; (2) find that the reduction is consistent with applicable Sentencing Commission policy statements; and (3) consider the applicable §3553(a) factors. *See, United States v. Jones*, Case No 20-3701, at 9 (6th Cir., Nov. 20, 2020). The Sixth Circuit has recently held that, following the passage of the First Step Act, the policy statements set forth in U.S.S.G. §1B1.13 are not "applicable" policy statements that court must consider in making a decision on compassionate release. *Id.* at 13. "Until the Sentencing Commission updates §1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a §3582(c)(1)(A) motion." *Id.* A "compassionate release decision is discretionary, not mandatory." *Id.* at 9; *Cf. United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

For purposes of this opinion, the Court considered Mr. Cantie's filings, the Government's opposition, and the record as it relates to his change of plea hearing and sentencing. In addition it considered and balanced all the factors set forth in 18 U.S.C. §3553(a). The combination of

factors at play in Mr. Cantie's case do not place him the same category as other inmates for whom this Court has found that release was appropriate.

The Court recognizes that the COVID-19 pandemic has created a stressful and dangerous environment for everyone, and that the dangers are exacerbated for those in certain categories. It is also clear that people who are confined in closed residential facilities, be it prisons, nursing homes, college dorms, or other similar facilities, are less able to protect themselves from exposure to the virus. However, as outlined in more detail the Government's brief, the BOP, just like every other institution responsible for the safety of a large number of vulnerable people have been making adjustments and improvements in their handling of the pandemic as new information comes in, risk factors are re-assessed, and best practices are revised. The BOP has taken action, within its statutory authority under 18 U.S.C. §3624 and Pub. L. No. 116-136, §12003(b)(2), 134 Stat. 281, 516 (to be codified at 18 U.S.C. §3621), to move the many vulnerable/lowest risk inmates to home confinement. For these and other reasons, the Sixth Circuit, along with other circuit courts, has repeatedly recognized that "generalized fears of contracting COVID-19, without more," do not justify releasing inmates. *See, e.g., United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020). It is also important to note that the general non-prison population is also at an all time high risk for contraction of COVID-19 due to surges in community spread. Therefore, the risk differential between the general and special populations is not currently as high as it may have been at the beginning of the pandemic.

Mr. Cantie claims to suffer from Type I diabetes and hypertension. He claims that this increases his risk of severe consequences should he contract COVID-19. He also alleges that he is not receiving his proper dosage of medication for his diabetes, and that this severely compromises his health. Although both Type I diabetes and hypertension are recognized by the

CDC as a risk factors that "may" heighten his susceptibility to serious consequences from COVID-19, Mr. Cantie does not have any condition that the CDC has listed in the highest of level of risk factors. Further, although he complains that he should be receiving three daily injections for his diabetes, and is only getting two, the BOP health records indicate that he has never been prescribed more than two injections per day. His records also indicate that he is "stable on current medication therapy," and "no medication changes" are indicated. Therefore, Mr. Cantie has not shown that the prison is incapable of providing effective treatment and management of his symptoms. In addition, Mr. Cantie did contract the COVID-19 virus in December of 2020. He was not hospitalized and has been out of quarantine for some time. Though he claims to suffer from continuing headaches, brain fog, and dizziness, there is no evidence that he is suffering from any life threatening conditions, or any ailments that cannot be adequately managed in custody. He has not, therefore, shown that extraordinary and compelling reasons justify his early release.

Further, even if he had shown that he is at heightened risk for COVID-19 and its consequences, this is not the sole factor that the Court must consider in determining whether extraordinary and compelling reasons exist for a reduction in sentence. The Court must also use its discretion to make a determination as to whether the individual's situation is extraordinary and compelling when viewed in the context of other incarcerated individuals. It must balance all of the §3553 sentencing factors, including but not limited to, the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all of the other considerations that went into the original sentencing decision.
When full consideration is given to the 18 U.S.C. §3553(a) factors, it becomes apparent that Mr. Cantie is not entitled to a reduction in sentence.

Mr. Cantie pled guilty to being a felon in possession of a firearm. He was sentenced to sixty-six months and has served well under half of that sentence. A sentence of one year and ten months (the time spent incarcerated since his arrest) would not reflect the seriousness of this crime, and would give Mr. Cantie a disparately low sentence compared to other defendants who engage in similar behavior. Prior to this crime, Mr. Cantie had a history of illegal firearm possessions, drug trafficking, and aggravated robbery. The fact that he again put himself in this position indicates he has not learned from past experiences. Therefore, he has not shown himself to be at a low risk for recidivism and he continues to be a danger to the community. Further, even if his sentence was reduced in this case, he may not be eligible for release into the community and out of heightened COVID risk because he currently incarcerated at the Cuyahoga County Jail awaiting trial in two state cases for Aggravated Robbery, Aggravated Theft, and having a weapon while under disability. The offenses leading to these charges were allegedly committed around the same time period that he possessed the weapon at issue in this case.

Mr. Cantie has not shown that a reduced sentence is supportable under the 18 U.S.C. §3553(a) factors; he does not suffer from any debilitating health conditions; and, he is not hampered in his ability to provide self-care within the institution. His health issues appear to be under control and appropriately treated. For the reasons set forth above, having considered the record, Mr. Cantie's arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DENIED. (ECF #65, 70). IT IS SO ORDERED.

_____
DONALD C. NUGENT

Senior United States District Judge

DATE: May 12, 2021